## Commonwealth v. Williams

*J. Stroud Weber*, assistant district attorney, for Commonwealth.

*Charles N. Moffett*, for defendant.

KNIGHT, P. J., March 5, 1946.—On January 3, 1946, informations charging defendant with reckless driving and operating without a license were sworn to before Justice of the Peace John A. Turley of the Borough of Bridgeport.

The information alleged that these alleged violations of the summary provisions of The Vehicle Code occurred in the Township of Upper Merion on December 29, 1945. The informations fail to state that there is no person holding the office of justice of the peace in the Township of Upper Merion. After notice to defendant was ignored, a warrant was issued for his arrest. He waived a hearing and gave bail for a hearing in this court.

Section 1201 of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 29, 1937, P. L. 2329, provides in subsection (*a*) : "Informations, charging violations of any of the summary provisions of this act, shall be brought before a magistrate within the city, borough, incorporated town, or township, where the alleged violation occurred, *or if there is no person holding the office of magistrate in such city, borough, incorporated town, or township,* then such information shall be brought before a magistrate in any adjoining city, borough, incorporated town, or township within fifteen (15) days after the commission of the alleged offense and not thereafter, . . ." (italics supplied).

We are of the opinion that Justice of the Peace Turley of Bridgeport had no jurisdiction in this case if there was a justice of the peace holding office in the Township of Upper Merion. The wording of the act is clear, and it is only in cases where there is no person holding the office of justice of the peace in a township that the information may be brought before the nearest available justice in an adjoining city, borough or township.

We are also of the opinion that, in cases in which an information is brought before a justice of a different borough or township than that in which the offenses are alleged to have occurred, said information should set forth the jurisdictional fact that no person held the office of justice of the peace in the borough or township in which the offenses are alleged to have occurred. This is the conclusion arrived at by Judge Herring of Montour County in Commonwealth v. Bedding, 38 D. & C. 103 (1940), and we agree with him.

The act allows 15 days from the happening of the offense within which to file an information. This is ample time to enable a police officer or other person desiring to file an information to ascertain before whom it should be brought.

The hearing before Justice Turley having been waived, the defendant cannot be held to have waived his right to challenge the validity of the proceedings in this court: Commonwealth v. Bedding, supra; Commonwealth v. Bennett, 32 D. & C. 542 (1938) ; Commonwealth v. Kline, 35 D. & C. 19 (1938) ; Commonwealth v. Myers, 22 D. & C. 586 (1935) ; Commonwealth v. Harned, 25 D. & C. 578 (1936).

And now, March 5, 1946, the motion is allowed, the proceedings are quashed and defendant discharged.